GEORGE HEARN *vs.* THOMAS SHAW and others.

Cumberland.    Opinion April 7, 1881.

*Exceptions. Malicious prosecution. Malice. Abuse of legal process. Practice.*

In an action for malicious prosecution where the exceptions state, that appropriate instructions were given as to what constitutes probable cause for commencing an action, and that the jury were told that they might infer malice from the want of probable cause, it was not error to refuse to adopt in terms, as a part of the charge, a request that " if the defendants negligently and ignorantly . . . commenced an action against all the owners of the vessel, and attached the whole vessel when some of the part owners were not liable for the demand sued, and those who were liable, were unjustly and wrongfully harassed and oppressed, the jury have a right to infer actual malice from such acts."

The refusal of a specific instruction, does not in any case affirmatively appear to be an error if it is left uncertain whether those given, were the same in substance and effect; still less when the exceptions show that the whole subject to which the request relates, was covered by appropriate instructions, to which no exception was taken, and which do not appear.

Where it appears from the exceptions, that a requested instruction was refused," " except as given in the charge," and no part of the charge which includes the same subject is reported, they fail to show an error if one exists.

When correct rulings have been given to the full extent of the claim alleged in the declaration, that the action was begun maliciously and without cause; it was for the plaintiff to request a ruling that would enable him to recover on proof, of part of his case, abuse of process properly issued,  At least, it should appear that the attention of the court was called to the minor cause of action included in the declaration.   Otherwise it was not error to treat the entire cause of action as the one before the court, and to give the rules of law relating to it.

EXCEPTIONS from superior court, Cumberland.

Action on the case to recover damages for malicious suit and prosecution, and for abuse of legal process.

At the trial the plaintiff requested the presiding judge to instruct the jury as follows :

"If the defendants negligently and ignorantly and without due care and investigation commenced an action against all the owners of the vessel, and attached the whole vessel when some of the part owners were not liable for the demand sued, and those who were liable were unjustly and wrongfully harrassed and oppressed, the jury have a right to infer actual malice from such acts," which the court declined to give other than as given in the following extracts from the charge.

"But if you should find a want of probable cause in beginning the suit against Captain Hearn, you will then consider the second proposition which I stated to you it was incumbent on the plaintiff to prove, namely, that the action was commenced maliciously or with malice.

"The plaintiff is not required to prove that the defendants were actuated by express malice in the popular sense of that word, that is, that a feeling of hatred and ill-will existed in the minds of the defendants, but it is sufficient if he prove malice in fact in its legal meaning. And in a legal sense, any act done willfully and purposely to the prejudice and injury of another is as against that person malicious. Any illegal act, the necessary consequence of which is to injure another, is malicious. The question of malice is a question of fact for the jury. The jury may infer malice from want of probable cause, though the want of probable cause is only one item tending to prove malice. Malice as I have said, is a question of fact, and is to be proved by the defendants' acts, conduct and declarations in regard to the original suit, or by other circumstantial evidence as any other fact may be proved."

The plaintiff also requested the following : "If defendants, after the attachment of vessel, were notified that all the defendants were not liable, and they had no reasonable cause to believe all the owners of said vessel in 1877 were liable, then the defendants were not justified in holding the attachment upon the interests of all the owners of the vessel and a further continuance of said attachment upon the interests of all the owners would be evidence of want of probable cause and of actual malice."

Which the court declined to give otherwise than as given in the charge, and remarked to the jury : "I am requested by counsel for the plaintiff to give you a further instruction. It affects the joinder of other parties to the suit, not parties to this proceeding here. If other parties have any cause of action against these defendants they can bring it into court. As I have already said what motives existed in the minds of the defendants as to Lewis, it does not necessarily follow existed in their minds as to Hearn. For that reason I decline the request except as given in the charge."

The court having given the jury appropriate instructions as to what constitutes probable cause for the commencement of an action, further instructed them as follows :

"If you find that the defendants were not actuated by malice in commencing the suit against Captain Hearn, even if you find that it was begun without probable cause, then the plaintiff's case fails and your verdict should be for the defendants."

*M. P. Frank* and *P. J. Larrabee*, for the plaintiff.

The only questions involved are the instructions in regard to malice, and in regard to abuse of legal process.

Plaintiff claimed that the fact that defendants did not inquire at custom house at time suit was commenced, for names of owners in July, 1876, when goods were sold, was evidence that they were negligent and did not use due care and investigation, which was in the province of the jury to find, and if they should so find, that the requested instruction would be a guide to them in reference to the question of malice. It is not sufficient that defendants should act simply in good faith as instructed by the court, as the greatest negligence, want of care and investigation might exist at the same time with good faith. *Page* v. *Cushing*, 38 Maine, 527.

The account sued was charged, as evidence shows, to the owners of brig Enderus, and not to individual names, and there was not the least evidence of any kind that J. T. Lewis was interested at the time said goods were sold, as owner in said brig ; and even good faith on the part of defendants would have elicited an inquiry as to who were the owners at time goods were sold.

The general principle of law is, that plaintiffs are not only responsible for commencement of suits, but for the conduct of same, and that any acts of theirs whereby the opposing party is unnecessarily harassed, oppressed or injured, in his person or property, is an abuse of legal process for which they are liable. 1 Hilliard on Torts, 435 ; *Savage* v. *Brewer*, 16 Pick. 453 ; *Page* v. *Cushing*, 38 Maine, 526.

The court further instructed the jury, "If you find that the defendants were not actuated by malice in commencing the suit against Captain Hearn, even if you find that it was begun without probable cause, then the plaintiff's case fails," &c. Now the law is well settled, that in action for abuse of legal process, it is not necessary to aver or prove malice. *Page* v. *Cushing*, 38 Maine, 527 ; 2 Greenl. Ev. § 452.

*Charles F. Libby*, for the defendants, cited : *Soule* v. *Winslow*, 66 Maine, 451 ; *Marshall* v. *Oakes*, 51 Maine, 308 ; *Prescott* v. *Hobbs*, 30 Maine, 345 ; *Warren* v. *Walker*, 23 Maine, 453 ; *Hopkins* v. *McGillicuddy*, 69 Maine, 273.

SYMONDS, J.     I. The first exception is to the refusal of the court to give the following instruction requested by the plaintiff : "If the defendants negligently and ignorantly   .   .   .   .   . commenced an action against all the owners of the vessel, and attached the whole vessel, when some of the part owners were not liable for the demand sued, and those who were liable were unjustly and wrongfully harassed and oppressed, the jury have a right to infer actual malice from such acts."

Whatever may be the fact in regard to the correctness and pertinency of the rule of evidence stated in this request, the exceptions as presented, do not show an error in refusing to adopt it in terms as a part of the charge.   Appropriate instructions, the exceptions state, were given as to what constitutes probable cause for commencing an action.   On this point, no exception was taken.   The jury were also told they might infer malice from the want of probable cause, so correctly defined by the court. If, then, the facts supposed in the request, were such as to leave no reasonable or probable cause for bringing the original action, and attaching property in the manner therein stated—and it is on

this ground, that malice is to be implied from them, if at all— it follows that the ruling requested must have been substantially included in those given. In other words, malice is not to be inferred from the acts stated in the request, unless they are sufficient to show a want of probable cause. Probable cause was correctly defined to the jury, and they were told malice might be inferred from the want of it. Assuming the negligent acts which the request recites to be sufficient to show want of probable cause, then the jury were told in effect they might infer malice from them.

While the whole charge is not given, and we do not know in what terms probable cause was defined, in full, enough appears to show that this element of negligence in proceeding to bring the suit, was not overlooked by the court. In one of the extracts reported, it is upon "an honest and reasonable conviction" on the part of the present defendants, that the plaintiff was then their debtor, appearing from all the evidence, that the finding of the jury on this point was made to depend. This does not extend to questions relating to the ownership of the vessel, nor to the proceedings under the attachment, but so far as these were involved in the subject of probable cause, or the want of it, affecting the inference of malice, there is no exception to the rulings given, and the case states that they were appropriate. The refusal of a specific instruction, does not in any case affirmatively appear to be an error, if it is left uncertain whether those given were the same in substance and effect; still less, when the exceptions show that the whole subject to which the request relates was covered by appropriate instructions, to which no exception was taken, and which do not appear.

II. The second requested ruling was refused except as given in the charge. No part of the charge which includes the same subject is reported. The exceptions, therefore, fail to show an error, if one exists. We suppose the request to mean that the continuance of the attachment under the circumstances stated would be evidence of want of reasonable cause and of malice, in instituting the suit against the defendant. It assumes that there was no reasonable cause to believe all the owners liable,

and, as a matter of course, that the continuance of the attachment on the property of all after notice was unjustifiable. The intention could not have been to ask a ruling that what was assumed as true was merely evidence of the existence of the fact assumed; that there being in fact no reasonable cause for continuing such an attachment was only evidence tending to show the want of such reasonable cause, and therefore the existence of malice. It could not, then, have intended a ruling that the facts stated were evidence of want of good cause and of malice, in continuing the attachment, but must have referred to their effect in evidence, upon the character of the suit at its inception. If the question were before us, it is by no means clear that the holding of the attachment, after the discovery of such new fact, would be evidence that the action was a groundless and malicious one at the start, and when considered only in reference to the plaintiff.

III. The last sentence from the charge would undoubtedly be incomplete and incorrect, if the abuse of legal process had been claimed at the trial as a distinct ground of liability. Even if the writ issued on good grounds and without malice, it might be so mis-used, the plaintiff claims, to detain on a small demand a vessel of great value, having perishable goods on board, and about to start on a voyage, when ample security and other property to be attached were offered, as to create a liability for the damage thereby unnecessarily and wrongfully done. The averments in this declaration are sufficient to set forth such an alleged cause of action, and these are not dependent upon those which aver a malicious and causeless issuing of the writ. "It is generally true, in declarations for torts, that surplusage does not vitiate. A party proves such of the allegations of his writ as he can, and his failure to prove other statements does not prevent his recovery, if he proves any good ground of action." *Fisk* v. *Hicks*, 31 N. H. 540.

But a careful examination of the exceptions leads us to the belief that this abuse of the process was urged at the trial in aggravation of damages, and not as a distinct ground of liability. It is clear that the presiding judge so understood it. Both of the requests, as we have seen, relate to malice and want of reasonable cause in bringing the action. There is no request for a ruling

upon the effect of a subsequent abuse of process, except as evidence of want of cause and of malice in the origin of the suit.

The claim of the plaintiff in argument, "that it was an abuse of legal process and of attachment to join all the owners in said suit and attaching said vessel thereon, and refusing to accept any bond," &c. standing alone, might be opposed to this view; although here the abuse is alleged to consist in joining all the owners in the suit, and the proceedings under the attachment are stated incidentally, by way of aggravation. But from the exceptions as a whole, the inference is reasonably clear that the plaintiff at the trial insisted upon the broad ground of liability set forth in the declaration; that the action against him was instituted maliciously and without cause, and if there was any omission to state the principles of law relating to a narrower ground of action, the abuse of process properly issued, it arose from a failure sufficiently to direct the attention of the court to that branch of the case. With reference to the full extent of the claim alleged in the declaration, the rulings were correct. It was for the plaintiff to request a ruling that would enable him to recover on proof of part of his case. At least it should appear that the attention of the court was called to this minor cause of action, as a distinct ground of liability included in the declaration. Otherwise it was not error to treat the entire cause of action as the one before the court, and to give the rules of law relating to it.

Nor do we assent to the claim of the plaintiff that proof of malice in its legal sense and of want of reasonable cause is not ordinarily essential in an action for abuse of legal process. The cases certainly must be rare, if they exist, in which there can be an abuse of process without malice or with reasonable ground for the acts done. In the passage cited from Greenleaf, in *Page* v. *Cushing*, 38 Maine, 527, to the effect that in such an action it need not be proved that the process "was sued out maliciously or without probable cause," the emphasis should be put upon the words "sued out," and not as the reporter has it upon the words " maliciously or without probable cause." Although not malicious in its origin, a writ may be improperly employed. But a wrong-

ful act done to the injury of another is the gist of the action. "Proof of actual malice is not important except as it may tend to aggravate damages ; it is enough that the process was wilfully abused to accomplish some unlawful purpose." Cooley on Torts, 190.

In the present case the quality of malice was attributed by the court to "any act done wilfully and purposely to the prejudice and injury of another."

Upon the whole, the exceptions fail to show that the plaintiff was aggrieved by the rulings given or refused.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.